UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **GLEN ADAMS** | **CIVIL ACTION NO. 07-1259** |
| **VS.** | **SECTION P** |
| **JIMMY SHIVERS, WARDEN** | **MAGISTRATE JUDGE METHVIN** |
| | **JUDGE DOHERTY** |

*REPORT AND RECOMMENDATION*

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on July 24, 2007 by *pro se* petitioner Glen Adams. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Madison Parish Correctional Center, Tallulah, Louisiana where he is serving the 15-year sentence imposed following his 2003 conviction for incest (La. R.S.14:78) in the Thirty-First Judicial District Court, Jefferson Davis Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

*Background*

In December 2000, petitioner was arrested and charged with aggravated rape, carnal knowledge of a juvenile, molestation of a juvenile, and aggravated incest. The warrants were supported by an affidavit which alleged that petitioner admitted to having sexual relations with his two daughters since 1994. [doc. 1-2, Attachment A]

2

On March 17, 2003 petitioner entered a plea of *nolo contendere* to the charge of incest. The other charges were apparently dismissed and petitioner was sentenced to serve fifteen years at hard labor. [doc. 1-1, paragraph 3]  Petitioner claims that he appealed his conviction to the Third Circuit Court of Appeals raising a single assignment of error – ineffective assistance of counsel. [doc. 1-1, paragraph 6]  According to petitioner, his conviction was affirmed by the Third Circuit on January 22, 2004 in an opinion under Docket Number KH 03-1728.[1]

On some unspecified date petitioner applied for supervisory or remedial writs to the Louisiana Supreme Court seeking review of the Third Circuit's judgment under Docket Number KH 03-01728.  On February 18, 2005 petitioner's writ application was denied. *State of Louisiana ex rel. Glen Anthony Adams v. State of Louisiana*, 2004-0780 (La. 2/18/2005), 896 So.2d 22.

On March 17, 2005 petitioner filed an Application for Post-Conviction Relief in the Thirty-First Judicial District Court. Petitioner again raised a single claim for relief – ineffective assistance of counsel. [doc. 1-1, paragraph 7]  Petitioner did not allege any facts concerning the resolution of this application for post-conviction relief. In any event, a review of the published jurisprudence reveals no judgments of the Louisiana Supreme Court after February 2005, and therefore it must be presumed that petitioner did not seek review of his post-conviction action.

On some unspecified date petitioner filed an application "Seeking writ of review for and full designation of record" in the Third Circuit Court of Appeals. That matter was assigned Docket Number 07-00861-CW, and remains pending before the court of appeals. [doc. 1-1, paragraph 11]

---

[1] Review of the presumptively reliable published jurisprudence of the State of Louisiana does not confirm petitioner's claim.

3

The instant *habeas corpus* petition was signed on July 19, 2007. The Clerk received and filed it on July 24, 2007. Petitioner argues five claims for relief:

1. ***Arraignment in absentia.*** Petitioner alleges that he was not present in court on January 12, 2001, and that the court minutes which state he was arraigned on that date are incorrect. Petitioner also alleges that the Bill of Information was "doctored," but does not allege any facts in support of this claim. [doc. 1-1, paragraph 5(a)];

2. ***Excessive sentence.*** Petitioner contends his sentence constitutes cruel and unusual punishment; that he should have been afforded leniency as a first-time offender who entered a plea of *nolo contendere* [doc. 1-1, paragraph 5(b)];

3. ***Inadequate charge.*** Petitioner contends that he was originally charged with one count of aggravated rape, but was not indicted by a Grand Jury as required under Louisiana law; [doc. 1-1, paragraph 5(c)];

4. ***Ineffective assistance of counsel.*** Petitioner alleges that his court-appointed attorney was permitted to withdraw from the case on September 16, 2002 and later was employed as an Assistant District Attorney (ADA) in the Thirty-First Judicial District. He claims that a subsequent court-appointed attorney was ineffective because he did not file a motion to change venue based on prior counsel's appointment as an ADA. He also claims that none of his attorneys addressed the fact that petitioner was not indicted for aggravated rape; that his second attorney failed to raise the conflict of interest issue with regard to the first attorney; that his third attorney "...led petitioner to believe that by entering a plea of *nolo contendere* ... he would receive a reduced sentence..." [doc. 1-1, paragraph 5(d)]; and,

5. ***Flawed arrest warrant.*** Petitioner contends his arrest warrant was not signed by a Judge or Magistrate. [doc. 1-1, paragraph 5(d)]

*Law and Analysis*

*A. Review for Timeliness, Exhaustion, and Procedural Default*

Before reaching the merits of a *habeas* claim, the court is obliged to review the pleadings and exhibits to determine whether the petitioner exhausted all available state remedies prior to

4

filing his petition in federal court;[2] whether or not the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1);[3] and/or whether or not any or all of the claims raised are subject to the procedural default doctrine.[4]

Petitioner has provided little information with respect to the matters he claims to have litigated in the Louisiana courts. His procedural chronology is incomplete and ambiguous; consequently, it is difficult to determine whether petitioner's claims are time-barred by the provisions of 28 U.S.C. §2244(d).[5]

---

[2] *Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). See also, 28 U.S.C. § 2254(b)(1)(A) and (B) – "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."

[3] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."
\*       \*       \*
The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

[4] The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.* Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996).

[5] Based upon the information petitioner has supplied, it certainly appears that his federal petition is time-barred. Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A). The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly

5

Furthermore, petitioner has provided none of the post-conviction pleadings filed in the Louisiana courts. It is therefore impossible to determine whether petitioner fully and properly exhausted available state court remedies.[6]

Finally, petitioner has failed to provide any of the judgments of the various Louisiana courts and therefore it is impossible to determine whether any of his claims were procedurally defaulted.

***B. Rule 4***

Ordinarily, the undersigned would direct the author of such incomplete and ambiguous pleadings to amend his petition to flesh out the details needed to conduct a complete review for exhaustion, timeliness, and procedural default. However, Rule 4 of the Rules governing Section

---

filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Likewise, any lapse of time between the dismissal of state post-conviction proceedings and the filing of a federal petition must be counted against the one-year period of limitations.

Petitioner was sentenced on March 17, 2003. As stated above, notwithstanding petitioner's assertions to the contrary, it appears that petitioner did not file an appeal. If that is in fact the case, his judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], 30 days following the imposition of sentence or, on or about April 17, 2003. Petitioner therefore had until April 17, 2004 to file his federal *habeas corpus* petition.

Petitioner would have been able to toll the limitations period by the filing of an Application for Post-Conviction Relief, but only if that application was filed prior to April 17, 2004. Further, assuming a timely filing, that application would have tolled the limitations period only until February 18, 2005 when the Louisiana Supreme Court denied writs. *State ex rel. Adams v. State*, 896 So2d 22 (La. 2/18/2005).

After February 18, 2005, the limitations period commenced again and would not have been interrupted until the date petitioner filed his Application for Post-Conviction Relief in March 2005. At some point in time that matter must have ceased to be pending and any time that elapsed between that date and the date petitioner filed his federal habeas petition would be added to the already lapsed periods described above. In other words, it seems highly likely that more than one un-tolled year lapsed between the date petitioner's judgment of conviction became final and the date he filed his federal *habeas corpus* petition.

[6] According to the petition, Adams litigated only an ineffective assistance of counsel claim in the Louisiana Courts. It thus appears that all of his other claims remain unexhausted.

6

2254 Cases in the United States District Courts provides in part, "The original petition shall be presented promptly to a judge of the district court... The petition shall be examined promptly by the judge to whom it is assigned. <u>It if plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified...</u>"  (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

Since, as shown hereinafter, it plainly appears that petitioner is not entitled to relief, dismissal pursuant to Rule 4 is recommended.

Petitioner was originally charged with various sex crimes involving minors.[7]  However, he pled *nolo contendere* to a single count of incest. When a criminal defendant enters a plea of guilty, it is more than a mere confession; it is an admission that the defendant committed the offense charged. *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir.1991) (citing *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678 (1992). Once a criminal defendant has entered a guilty plea, all non-jurisdictional defects in the proceedings are waived except claims of ineffective assistance of counsel relating

---

[7] According to the December 6, 2000 "Affidavit for Warrant of Arrest," petitioner was originally charged with carnal knowledge of a juvenile, molestation of a juvenile, aggravated incest and aggravated rape based upon his admission "... that since 1994 he has had sexual relationships with his two daughters..." and based upon the complaint of one of the daughters "... that since the age of six years old [petitioner] has rubbed on her breast and vagina and at the age of 16 years old he forced her to have sex with him..." [doc. 1-2, Attachment A]

7

to the voluntariness of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983) (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir.1982)), *cert. denied*, 466 U.S. 906, 104 S.Ct. 1685 (1984).

Under Louisiana law, a plea of *nolo contendere* has the same legal effect in a criminal proceeding as a plea of guilty. *State v. Peters*, 546 So.2d 829 (La. App. 1 Cir. 1989), cert. denied, 552 So.2d 378 (La. 1989). Accordingly, petitioner's plea of *nolo contendere* waived all non-jurisdictional defects in the same manner as a plea of guilty. *Id.*; *Johnson v. Estelle*, 704 F.2d 232, 235 (5th Cir.1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984).  At no time, including the present, has petitioner suggested that his plea was either unknowing or involuntary.

Under both federal and Louisiana law, petitioner's voluntary plea of *nolo contendere* waived all non-jurisdictional defects in the proceedings leading to the plea. Thus, petitioner's claims regarding his absence at the January 12, 2001 arraignment, the "doctored" Bill of Information,  the failure to indict him on the charge of aggravated rape, and the defective arrest warrant were waived by his *nolo contendere* plea.  Further, petitioner's claims of ineffective assistance of counsel were likewise waived, since they do not directly allege an impact on the voluntariness of the petitioner's *nolo contendere* plea.

Of course, even if petitioner were afforded the opportunity to amend his ineffective assistance claim to call into question the voluntariness of his plea, such claim would fare no better.  In order to prevail on such a claim, petitioner must not only show that counsels' alleged failures amounted to deficient performance, but, he must also show that he was prejudiced thereby. *Strickland v. Washington*,  466 U.S. 668,  104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

8

With regard to the prejudice prong of the *Strickland* analysis, counsels' deficient performance is prejudicial only if it is established that <u>but for counsels' errors, there is a reasonable probability that the final result would have been different</u> and confidence in the reliability of the verdict has been undermined. See *Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir.2005), (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir.1998)) (emphasis supplied).

Even if it is assumed that counsels' failures amounted to deficient performance, petitioner cannot show prejudice. The test to be applied in ineffective assistance of counsel claims in a guilty plea (or *nolo contendere*) context is the test articulated by the Supreme Court in the case of *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.203 (1985) which requires a *habeas* petitioner to prove that "there is a reasonable probability that, <u>but for</u> counsel's errors, he would not have pled guilty and would have insisted on going to trial."

Petitioner was ultimately convicted of incest as defined by La. R.S.14:78. His maximum sentence exposure to that charge was 15-years. La. R.S.14:78(D). He was originally charged with aggravated incest (La. R.S.14:78.1). According to the evidence submitted by petitioner, he confessed to having sexual relations with both his daughters since 1994, when the children were six years of age. [doc. 1-2, Attachment A, p. 1] Under Louisiana law, petitioner could have been sentenced to serve life imprisonment for such activity. See La. R.S.14:78.1(D)(2).

In the instant case petitioner has failed to demonstrate that trial counsel's actions fell outside of an accepted range of professional competence. Counsel negotiated and obtained a plea agreement significantly reducing petitioner's potential sentencing exposure. Instead of risking a sentence of life imprisonment, petitioner was the beneficiary of a greatly reduced sentence of only fifteen years. "The essence of a plea agreement is that both the prosecution and

9

the defense make concessions to avoid potential losses." *Hughey v. United States*, 495 U.S. 411, 421, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990); *United States v. Adams*, 363 F.3d 363 (5th Cir. 2004). While petitioner gave up his right to trial, he obtained in return a much reduced sentence. Petitioner has not shown, nor does it appear likely, that "but for" counsel's supposed deficiencies he would have risked trial and the possibility of life imprisonment. Thus, petitioner's claim of ineffective assistance of counsel is also subject to dismissal.

Finally, petitioner's claims of excessive sentence are also without merit. First, as noted above [see footnotes 1, 5, 6], petitioner's claim that he appealed his conviction and sentence has been called into question by a review of Louisiana's published jurisprudence. Even if petitioner did appeal as he claims, by his own admission he argued a single claim for relief – ineffective assistance of counsel. [doc. 1-1, paragraph 6] Thus, petitioner apparently did not seek direct review of his excessive sentence claim. Petitioner could not seek collateral review of his excessive sentence claim under Louisiana law. See *State ex rel. Melinie v. State*, 93-1380 (La.1/12/96), 665 So.2d 1172, *reconsideration denied*, 667 So.2d 1043 (La.1996). In *Melinie*, the Louisiana Supreme Court held that a prisoner may not raise claims of excessive sentence in an application for Post-conviction relief because that is not one of the exclusive grounds for relief enumerated under Article 930.3.

Nevertheless, petitioner's excessive sentence claim is also ripe for dismissal pursuant to Rule 4. Excessive sentence claims are analyzed as follows: First, a threshold comparison is made concerning the gravity of the offense against the severity of the sentence. If the sentence is grossly disproportionate to the severity of the offense, then, and only then, should the court compare the sentence in question to (1) sentences for similar crimes in the same jurisdiction and

10

(2) sentences for the same crime in other jurisdictions. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992).

The Fifth Circuit has noted that *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), "establishes a benchmark for disproportionate punishment under the Eighth Amendment." See *United States v. Gonzales*, 121 F.3d 928, 943 (5th Cir.1997). In *Rummel*, the Supreme Court upheld a petitioner's sentence to life imprisonment for obtaining $120.75 under false pretenses. The sentence was imposed under a state recidivist statute and took into account the offender's prior convictions for similar offenses. The Fifth Circuit observed, "... the distinction between constitutional sentences and grossly disproportionate punishments is an inherently subjective judgment, defying bright lines and neutral principles of law. Nevertheless, we can say with certainty that the life sentence approved in *Rummel* falls on the constitutional side of the line, thereby providing a litmus test for claims of disproportionate punishment in violation of the Eighth Amendment." *Gonzales*, 121 F.3d at 943 (footnote omitted).

Here, petitioner was convicted of a heinous crime against his own children. Considering the *Rummel* finding that a life sentence was not excessive under the fairly innocuous facts of that case, the 15-year sentence imposed herein was not grossly disproportionate to the offense for which he stands convicted. In short, petitioner has failed to state claims for which relief may be granted.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition

11

and exhibits annexed to it that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.[8]  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on October 1, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[8] Should petitioner object to this Report and Recommendation, he is directed to provide the information necessary to conduct a thorough review for timeliness, exhaustion, and procedural default as discussed above.  He should provide copies of the: (1) transcripts of the plea and sentencing proceedings; (2) petitioner's brief on appeal; (3) Third Circuit's unpublished opinion; (4) writ application filed in the Louisiana Supreme Court on direct review; (5) all post-conviction pleadings; and (6) reasons for judgment denying post-conviction pleadings by the district court and the court of appeals.